UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

BRIAN SCHMELTZ,

    Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

Case No. 16-cv-00924-NJV

**ORDER DISMISSING PETITION**

On February 24, 2016, Petitioner filed a Petition for Judicial Review (Doc. 1), in which he requests that the court overturn his 1992 felony conviction in Napa County Superior Court, Napa, California. On March 9, 2016, Petitioner consented to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). After a review of the Petition, and for the following reasons, the court dismisses this action.

**I.    BACKGROUND**

According to the Petition, in 1992, Petitioner pled guilty to and was convicted of violating Section 288 of the California Penal Code in Napa County Superior Court. According to Petitioner, the factual basis of his conviction was that he and his wife sexually molested their minor daughter with a foreign object. Petitioner now contends that his daughter has recanted her previous allegations and requests that the court "issue a writ of Coram Vobis directing the judgment and sentence in Napa County . . . be vacated and set aside." Pet. (Doc. 1) at 11.

**II.    DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

1 (1994). This is why Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the grounds for the court's jurisdiction." Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Petitioner has failed to provide the court with a short and plain statement of the grounds for the court's jurisdiction and none is apparent. Petitioner states that he is seeking a writ of Coram Vobis. However, Rule 60(e) of the Federal Rules of Civil Procedure states that "[t]he following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela."

Instead, Petitioner's request is based solely on a state court writ. Petitioner specifically relies on California Penal Code Section 1473.6 as the basis for this Petition. Indeed, all of Petitioner's requests are based solely on state court rules or state laws. For example, Petitioner asserts that he may ask this court to take judicial notice of the "new evidence in Appeal Number A139726 [u]nder California Rules of Court 8.500." Pet. (Doc. 1) at 1. In addition, Petitioner moves under California Evidence Code 1018PC to withdraw his plea of no contest, in his 1992 conviction and under California Evidence Code 410PC to re-open his original case in Napa County. The court cannot apply these California rules to this action. Indeed, none of these rules, laws, or statutes provide this court with jurisdiction over the Petition.

Moreover, Petitioner states that his appeal, A139726 is "currently in the possession of the California State Criminal Appeals Panel Court, First Appellate District, Division Three." *Id*. The Petition requests that this court direct judgment in appeal A139726 to vacate his 1992 conviction. Such a request runs afoul of the *Younger* Doctrine, which "reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). In other words, not only has Petitioner failed to provide this court a basis for jurisdiction, but even if he could, the substantive request within the Petition is impermissible.

//

//

### III. CONCLUSION

For the above stated reasons the court determines that it does not have jurisdiction over this matter. As my English brethren might say, "I can't hear you." Accordingly, this Petition is DISMISSED without leave to amend.

A separate judgment shall issue.

**IT IS SO ORDERED**.

Dated: March 23, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCHMELTZ,<br><br>        Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Defendant. | Case No. 16-cv-00924-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in, U.S. District Court, Northern District of California.

That on March 23, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brian Schmeltz
1127 Sage Road
Colfax, CA 95713

Dated: March 23, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Robert Illman, Clerk to the
Honorable NANDOR J. VADAS

4